## Jacob Schimmelfenig et al.
### v.
## Ellen Donovan.

1. DRAM SHOP ACT—EXEMPLARY DAMAGES.—In cases brought under the provisions of section nine of the Dram Shop Act, exemplary damages can not be awarded unless actual damages are proved and where exemplary damages may properly be awarded, it is for the jury to say whether, under all the circumstances of the case, they should be imposed or not.

2. DISREGARDING WITNESS' EVIDENCE.—Where a witness knowingly and willfully testifies falsely as to any fact material to the issue, the jury may disregard his testimony unless corroborated by other credible evidence. An instruction that the jury may disregard his testimony unless corroborated by other competent evidence is erroneous. Evidence may be credible which is not competent and *vice versa*.

ERROR to the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed June 27, 1883.

Messrs. Moses & Newman, for plaintiffs in error; that where the evidence is conflicting, instructions must be accurate, particularly in actions of tort and in the enforcement of a highly penal statute, cited Freese v. Tripp, 70 Ill. 496; Nagle v. M. P. Ry. Co. 75 Mo. 653; Rains v. St. L. I. M. & S. Ry. Co. 71 Mo. 165.

As to exemplary damages: W. St. L. & P. Ry. Co. v. Rector, 104 Ill. 297.

An instruction which discusses damages before the verdict is found, is erroneous: Felsenthal v. Block, 8 Bradwell, 425.

When the court attempts to group the facts in one instruction, it is its duty to group all, and the attempt to isolate some from the whole is fatal error: Hatch v. Marsh, 71 Ill. 370; Frame v. Badger, 79 Ill. 441; Keyes v. Fuller, 9 Bradwell, 528; Rockford Ins. Co. v. Nelson, 75 Ill. 548; Ludwig v. Sager, 84 Ill. 99; Mo. Furnace Co. v. Abend, 9 Bradwell, 319; Thorp v. Goewey, 85 Ill. 611; Keeler v. Stuppe, 86 Ill. 309; Cushman v. Cogswell, 86 Ill. 62.

Mr. WALLACE B. DOUGLAS and Mr. EMERY S. WALKER, for defendant in error; as to the wife's damages under the Dram Shop Act, cited C. B. & Q. R'y Co. v. Dunn, 52 Ill. 260; Davenport v. Ryan, 81 Ill. 218; Noy v. Creed, 1 Bradwell, 557.

A charge to the jury must be taken together and it is not necessary to insert in each separate instruction, all the exceptions, limitations and conditions which are inserted in the charge as a whole: The People v. Cleveland, 49 Cal. 578; Rice v. City, 40 Ia. 638; State v. Maloy, 44 Ia. 104; Carrington v. P. M. S. S. Co. 1 Col. 475; Edwards v. Cary, 60 Mo. 572; Kendall v. Brown, 86 Ill. 387; Skiles v. Caruthers, 88 Ill. 458; Gizler v. Witzel, 82 Ill. 322.

BAILEY, P. J. This was an action on the case, brought by Ellen Donovan against Jacob Schimmelfenig and Cecelia Schimmelfenig, his wife, under the provisions of section nine of the Dram Shop Act. The declaration alleges that on the 1st day of May, 1877, the plaintiff was and still is the wife of one Patrick Donovan, and that on said day, and divers other days between that day and the commencement of the suit, the defendants sold and gave intoxicating liquors to said Patrick Donovan, and thereby caused him during that time to become and be habitually intoxicated, in consequence whereof the plaintiff was injured in her property and means of support. The defendants pleaded not guilty, and at the trial, the jury, after hearing the evidence and the instructions of the court, found the defendants guilty, and assessed the plaintiff's damages at $1,200, for which sum and costs the plaintiff had judgment.

Schimmelfenig v. Donovan.

The bill of exceptions, instead of setting forth the evidence at large, certifies in substance, that the plaintiff gave evidence tending to prove the cause of action alleged in her declaration, and tending to support the various hypotheses contained in the instructions given to the jury at the instance of the plaintiff, and in the instruction given by the court on his own motion, and that upon all the issues in the case, involving either actual or exemplary damages, except as hereinafter stated, the defendants gave evidence tending to prove a contrary state of facts, and to support the hypothesis contained in the instructions given to the jury at the instance of the defendants, and the bill of exceptions further certifies that, upon all the matters aforesaid, the contradiction and conflict in the evidence adduced by the respective parties was strong and irreconcilable.

The plaintiff admitted in her evidence, that on rare occasions, on holidays, she drank a very little beer with her husband at home, during the period covered by the declaration, and the evidence of another witness tended to show, without contradiction, that on some festival or holiday she drank a very little whisky punch with her husband at home, although she testified that, in her whole life the amount of liquor she had drank would not exceed one glass full. It also appeared without contradiction, that defendant, Jacob Schimmelfenig, carried on a licensed saloon on his own account from May, 1877, to September, 1878, and that thereafte  ٠ٮe saloon was carried on by the other defendant as her licensed saloon.

The only questions we are called upon to consider arise upon the instructions to the jury. The first instruction given at the instance of the plaintiff was as follows:

"The court instructs the jury, as a matter of law, that every wife who shall be injured in her means of support in consequence of the habitual intoxication of her husband, has a right of action in her name against any person or persons who shall, without her consent or approbation, by selling or giving intoxicating liquors, have caused the intoxication in whole or in part of her husband, for all actual damages so sustained through such injury; and when any such actual damages are

shown by evidence in the case and the selling or giving intoxicating liquors referred to above, is wanton and willful, then the wife so injured is entitled to exemplary damages, in addition to the actual damages she has sustained, against such person or persons so wantonly and willfully selling such intoxicating liquors."

In cases of this character the question of exemplary damages is within the discretion of the jury. Such damages can not be awarded unless actual damages are proved, and some of the cases hold that they can not be given, unless the wrongful acts complained of are shown to have been wanton and willful. But in cases where exemplary damages may properly be awarded, it is for the jury to say, whether under all the circumstances of the case, they should be imposed or not. Hackett et al. v. Smelsley, 77 Ill. 109.

. If, according to the hypothesis submitted by the instruction, the selling or giving intoxicating liquor to the plaintiff's husband was wanton and willful, the case was undoubtedly a proper one for the assessment of exemplary damages, and the jury should have been instructed that, if they so found, they *might*, in addition to actual damages, assess exemplary damages against the defendants. The instruction, however, told the jury that, upon the hypothesis submitted, the plaintiff was entitled to exemplary damages, that is, that such damages were hers as a matter of right. It was thus made imperative on the jury to award such damages, and in this we think the instruction was erroneous.

. The plaintiff's fourth instruction was as follows:

"The jury are further instructed, at request of the plaintiff, that, if they believe from the evidence in the case that any witness has willfully testified falsely upon any point material to the issue in this case, then you are at liberty to disregard entirely all the testimony of any such witness, unless corroborated by other competent evidence."

. The rule is, that where a witness knowingly and willfully testifies falsely as to any fact material to the issues, the jury may disregard his testimony unless corroborated by other credible evidence. Evidence may be competent which is not

credible, and *vice versa.* In this respect, therefore, the instruction was erroneous.

Furthermore, it imposed upon the jury the duty of determining what was, and what was not, competent evidence. The competency of evidence is a question of law for the court; its credibility and effect is for the jury. We can not say that the jury may not, under this instruction, have held portions of the evidence admitted upon the trial to be incompetent, and for that reason refused to consider it in corroboration of the witnesses the plaintiff was seeking to impeach. As the record is made up, we have no means of knowing what may have been the real merits of the case. It does appear, however, that there was a strong and irreconcilable conflict in the evidence. Where such is the case, the courts are always strenuous in requiring that instructions to the jury shall state the law with clearness and accuracy. This the foregoing instructions fail to do.

.For the error in giving said instructions, the judgment will be reversed and the cause remanded.

Judgment reversed.